**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1408**

State of Minnesota,
Respondent,

vs.

Timothy Robert Turner,
Appellant.

**Filed May 26, 2015
Reversed
Reilly, Judge**

Isanti County District Court
File No. 30-CR-13-657

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Deanna N. Natoli, Assistant County Attorney, Cambridge, Minnesota (for respondent)

John Arechigo, Arechigo & Stokka, LLP, St. Paul, Minnesota (for appellant)

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota; and

Eugene Volokh, (pro hac vice), UCLA School of Law, Los Angeles, California (for amicus curiae Electronic Frontier Foundation)

        Considered and decided by Reilly, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

### S Y L L A B U S

        Minnesota Statutes section 609.765 (2012), which criminalizes defamation, is unconstitutionally overbroad.

# OPINION

**REILLY**, Judge

Appellant Timothy Turner challenges his conviction of criminal defamation, arguing that Minn. Stat. § 609.765 violates First Amendment protections because it is facially overbroad. Because Minn. Stat. § 609.765 is unconstitutionally overbroad and not susceptible to a narrowing construction, we reverse.

## FACTS

On the morning of August 30, 2013, appellant posted ads on Craigslist in retaliation for a previous argument he had with former girlfriend C.M. Both postings were sexually explicit and purported to be from C.M. and C.M.'s minor daughter, S.M. The postings contained the cell phone numbers of C.M. and S.M. Because of these postings, multiple men contacted C.M. and S.M., seeking to have sex with them. Additionally, men sent S.M. pornographic images in text messages. Eventually, appellant admitted that he published the postings because he was mad at C.M. and S.M. The state charged appellant with two counts of criminal defamation, in violation of Minn. Stat. § 609.765, subd. 2.

Appellant moved to dismiss the charges, alleging that Minn. Stat. § 609.765 is unconstitutionally overbroad and vague and that prosecuting him under the statute would violate his First Amendment rights under the United States and Minnesota Constitutions. The district court denied the motion, finding that Minn. Stat. § 609.765 is not unconstitutionally overbroad or vague, and on April 29, 2014, appellant pleaded not guilty to both charges. Appellant proceeded with a stipulated-facts trial pursuant to Minn.

2

R. Crim. P. 26.01, subd. 4, and pleaded not guilty to both charges. The district court found appellant guilty of both charges. On May 21, 2014, the district court sentenced appellant, but the terms of his sentence were stayed pending this appeal.

## ISSUES

I.      Is Minn. Stat. § 609.765 unconstitutionally overbroad?

II.     If Minn. Stat. § 609.765 is unconstitutionally overbroad, can the statute be narrowly construed?

## ANALYSIS

The constitutionality of a statute presents a question of law, which this court reviews de novo. *State v. Crawley*, 819 N.W.2d 94, 101 (Minn. 2012), *cert. denied*, 133 S. Ct. 1493 (2013). Generally, the burden is on appellant to prove, beyond a reasonable doubt, that a statute is unconstitutional. *In re Individual 35W Bridge Litig.*, 806 N.W.2d 820, 829 (Minn. 2011). But, when deciding the constitutionality of a law restricting First Amendment rights, the law "does not bear the usual presumption of constitutionality normally accorded to legislative enactments." *State by Humphrey v. Casino Mktg. Grp., Inc.*, 491 N.W.2d 882, 885 (Minn. 1992). Therefore, we "proceed with the understanding that the state bears the burden of establishing the statute's constitutionality." *Id.* at 885-86.

## I.

Appellant argues that section 609.765 is facially overbroad because it does not (1) provide for truth as an absolute defense and (2) incorporates a standard of "actual malice" with regard to matters of public concern. The First Amendment, applicable to

3

the states through the Fourteenth Amendment, provides that government shall "make no law . . . abridging the freedom of speech."[1] U.S. Const. amend. I. "A statute is overbroad on its face if it prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights." *State v. Machholz*, 574 N.W.2d 415, 419 (Minn. 1998). With respect to limitations on speech, a statute is overbroad "if a substantial amount of protected speech is prohibited or chilled in the process" of banning unprotected speech. *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255, 122 S. Ct. 1389, 1404 (2002). The overbreadth must be substantial in relation to a statute's plainly legitimate sweep. *United States v. Williams*, 553 U.S. 285, 293, 128 S. Ct. 1830, 1838 (2008). Applying the overbreadth doctrine to invalidate a statute, however, is a "strong medicine" that should be "used sparingly and only as a last resort." *N.Y. State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 14, 108 S. Ct. 2225, 2234 (1988).

The first step in overbreadth analysis is to construe the challenged statute. *Williams*, 553 U.S. at 293, 128 S. Ct. at 1838. Minnesota's criminal defamation statute reads:

> Subdivision 1. Definition. Defamatory matter is anything which exposes a person or a group, class or association to hatred, contempt, ridicule, degradation or disgrace in society, or injury to business or occupation.

---

[1] Appellant challenges section 609.765's constitutionality under the United States Constitution. At the district court, appellant challenged section 609.765 under both the Minnesota and United States Constitutions. He has abandoned his Minnesota challenge on appeal.

Subd. 2. Acts constituting. Whoever with knowledge of its defamatory character orally, in writing or by any other means, communicates any defamatory matter to a third person without the consent of the person defamed is guilty of criminal defamation and may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

Subd. 3. Justification. Violation of subdivision 2 is justified if:
>    (1) the defamatory matter is true and is communicated with good motives and for justifiable ends; or
>    (2) the communication is absolutely privileged; or
>    (3) the communication consists of fair comment made in good faith with respect to persons participating in matters of public concern; or
>    (4) the communication consists of a fair and true report or a fair summary of any judicial, legislative or other public or official proceedings; or
>    (5) the communication is between persons each having an interest or duty with respect to the subject matter of the communication and is made with intent to further such interest or duty.

Subd. 4.Testimony required. No person shall be convicted on the basis of an oral communication of defamatory matter except upon the testimony of at least two other persons that they heard and understood the oral statement as defamatory or upon a plea of guilty.

Minn. Stat. § 609.765. During oral arguments, the state conceded that section 609.765 is overbroad but maintained that we can uphold the statute through use of a narrowing construction. We agree that section 609.765 is overbroad, but further analysis of the statute's overbreadth is necessary for determining the statute's susceptibility to a narrowing construction.

Minnesota's criminal defamation statute dates back to the 1890s. *See* Minn. Gen. Stat. ch. 86 §§ 6165-75 (1891). It was codified in its current form in 1963. 1963 Minn.

5

Laws ch. 753, at 1234.  The legislature has not made any significant revisions to section 609.765 since its 1963 codification.  After the codification of its present form, the United States Supreme Court handed down multiple, seminal libel and defamation cases that control our analysis.

In *New York Times Co. v. Sullivan*, the Supreme Court held that the Constitution limits state power, in a civil action brought by a public official for criticism of his official conduct, to award damages for a false statement only if the public official can prove that "the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."  376 U.S. 254, 279-80, 84 S. Ct. 710, 726 (1964).

In *Garrison v. Louisiana*, the Supreme Court extended its holding in *New York Times* to criminal defamation of a public figure.  379 U.S. 64, 85 S. Ct. 209 (1964).  The *Garrison* Court held that a Louisiana criminal libel statute incorporated constitutionally invalid standards in the context of criticism of public officials, because it directed punishment for true statements made with malice.  *Id.* at 78, 85 S. Ct., at 217.  The Supreme Court, consistent with its decision in *New York Times*, ruled that such statements were constitutionally privileged unless made with actual malice, defined as knowledge that the statements were false or made with reckless disregard for their truth or falsity.  *Id.* at 74-75, 85 S. Ct. at 215-16.  *Garrison* established truth as an absolute defense "where the criticism is of public officials and their conduct of public business."  *Id.* at 72-73, 85 S. Ct. at 215.

In *Gertz v. Robert Welch, Inc.*, the Supreme Court rejected the argument that it should extend the *New York Times* test to defamation suits by private-figure plaintiffs against media defendants. 418 U.S. 323, 345, 94 S. Ct. 2997, 3010-11 (1974). Instead, the Court held that, "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." *Id.* at 347, 94 S. Ct. at 3010. In reaching this conclusion, the Court explained "that [because] private individuals will lack effective opportunities for rebuttal, there is a compelling normative consideration underlying the distinction between public and private defamation plaintiffs." *Id.* at 344, 94 S. Ct. at 3009.

In response to *Gertz*, the Minnesota Supreme Court adopted a negligence standard for the mental state in civil cases of defamation involving private individuals in the civil context. *Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 476, 491 (Minn. 1985). Private individuals asserting defamation claims in Minnesota "may recover actual damages for a defamatory publication upon proof that the defendant knew or in the exercise of reasonable care should have known that the defamatory statement was false." *Id.* To establish a defamation claim in Minnesota, a plaintiff must prove

> that the defamatory statement is communicated to someone other than the plaintiff; that the statement is false; that the statement tends to harm the plaintiff's reputation and to lower the plaintiff in the estimation of the community, and that the recipient of the false statement reasonably understands it to refer to a specific individual.

*Crawley*, 819 N.W.2d at 104 (citations and quotations omitted). Accordingly, Minnesota's defamation definition requires that a statement must be false in order to impose liability.

Minnesota Statutes section 609.765, subdivisions 1 and 2, include both true and false statements. And although subdivision 3 excludes some communications from criminal liability, it fails to narrow the definition of criminal defamation to only false statements. Specifically, subdivision 3(1) limits the mitigating effect that the truth will have by attaching the qualification that the matter "is communicated with good motives and for justifiable ends." Because the truth is not a complete bar to prosecution, the partial exemption runs contrary to our state's civil defamation definition. Therefore, section 609.765's requirement that the truth be communicated with good motives and justifiable ends violates First Amendment protections because it penalizes protected speech—true statements—in addition to unprotected speech—false statements.

Appellant and amicus curiae also challenge Minn. Stat. § 609.765 on the basis that it punishes true statements made about individuals participating in matters of public concern and it punishes false statements of public concern without a showing of "actual malice." As discussed above, the law regarding matters of public concern is clear that truth is an absolute defense. Both subdivisions 3(3) and 3(4) of section 609.765 address individuals participating in matters of public concern or public proceedings. But only subdivision 3(4) exempts a communication from criminal prosecution if it is true. Under subdivision 3(3), a true comment may be punishable if it is not fair and not made in good faith.

8

In addition, amicus curiae contend that "actual malice" is required to punish false statements regarding matters of public concern because it is not "permissible to jail people under a lesser showing than that required to collect punitive damages from them." We agree. With matters of public concern, civil defamation liability cannot be imposed without some showing of fault and recovery of presumed damages cannot be permitted on less than a showing of the *New York Times* actual malice standard. *Gertz*, 418 U.S. at 347-49, 94 S. Ct. at 3010-11; *see Culliton v. Mize*, 403 N.W.2d 853, 856 (Minn. App. 1987) ("If the alleged defamation relates to public officials on an issue of public concern, the *New York Times* protections attach no matter what the defendant's status."). Attaching criminal liability to statements of public concern made without a showing of actual malice would chill free political discussion. *See State v. Jude*, 554 N.W.2d 750, 753 (Minn. App. 1996) ("A criminal sanction may not be imposed for political speech that does not meet the *N.Y. Times* 'actual malice' standard."). And requiring proof of actual malice for issues of public concern is consistent with "the privilege for the citizen-critic of the government, necessary to the maintenance of the opportunity for free political discussion to the end that government may be responsible to the will of the people." *Jadwin*, 367 N.W.2d at 482.

In sum, section 609.765 is overbroad because it does not exempt truthful statements from prosecution and, as applied to matters of public concern, does not require the state to prove "actual malice" before imposing liability.

9

**II.**

The state argues that this court should narrowly construe section 609.765 to bring it within constitutional limits. A statute is invalid if its terms leave no room for a narrowing construction. *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 575, 107 S. Ct. 2568, 2572 (1987). "Whenever possible, however, this court should narrowly construe a statute to save it from constitutional challenge." *Jude*, 554 N.W.2d at 753.

The state contends that we should follow the example provided in *Crawley* and narrowly interpret the statute. In *Crawley*, the defendant was convicted of knowingly making a false report of police misconduct, in violation of Minn. Stat. § 609.505, subd. 2 (2010). 819 N.W.2d at 98. The defendant appealed her conviction on the basis that the statute violated the First Amendment because it was a content-based regulation of speech, punishing some individuals depending on the viewpoint expressed about the police. *Id.* at 100. The pertinent part of the statutory provision at issue in *Crawley* provided:

> (a) Whoever informs, or causes information to be communicated to, a peace officer, whose responsibilities include investigating or reporting police misconduct, that a peace officer, as defined in section 626.84, subdivision 1, paragraph (c), has committed an act of police misconduct, knowing that the information is false, is guilty of a crime and may be sentenced as follows . . . .

*Id.* at 98 (quoting Minn. Stat. § 609.505, subd. 2). In a divided decision, this court held section 609.505 unconstitutional because it criminalized false speech that was critical of police but not false speech that favors police. *Id.* at 99.

10

On review, the supreme court first determined that section 609.505, subdivision 2, punished a substantial amount of protected speech in addition to unprotected speech. *Id.* at 104. The court cited Minnesota's defamation definition and concluded that section 609.505 did not satisfy all of the elements of defamation because it did not require publication to a third person. *Id.* at 104-05. The supreme court, however, determined that it could uphold the constitutionality of the statute by narrowly construing it to punish only communications that satisfy Minnesota's defamation definition. *Id.* at 105. Accordingly, to subject an individual to criminal sanctions under Minn. Stat. § 609.505, subd. 2, for a defamatory communication, the supreme court required that an individual must inform a separate police officer of misconduct by a police officer. *Id.* at 107. Thus, the first element of defamation—communication to a third party—was satisfied. *Id.*

The state argues that this court should follow *Crawley* and narrowly construe section 609.765 by removing the "with good motives and for justifiable ends" language found in subdivision 3(1) so that the first justification reads "the defamatory matter is true." Here, like the statute at issue in *Crawley*, section 609.765 encompasses both protected non-defamatory speech and unprotected defamatory speech. The supreme court in *Crawley* limited the statute at issue to only the non-protected speech—speech satisfying Minnesota's defamation definition. We cannot do the same here.

We are mindful of the canon of constitutional avoidance, which requires, if at all possible, the judiciary to interpret a statute to "preserve its constitutionality." *Hutchinson Tech., Inc. v. Comm'r of Revenue*, 698 N.W.2d 1, 18 (Minn. 2005); *see* Minn. Stat. § 645.17(3) (2012) ("[T]he legislature does not intend to violate the Constitution of the

11

United States or of this state."). We are equally mindful that a limiting construction should be imposed only if an unconstitutional statute is "readily susceptible to such a construction." *United States v. Stevens*, 559 U.S. 460, 481, 130 S. Ct. 1577, 1591-92 (2010). The state's proffered limiting construction would require us to do more than construe section 609.765 narrowly, it would require a rewrite of section 609.765. *See id.* at 481, 130 S. Ct. at 1591 (cautioning the judiciary against rewriting a statute as opposed to merely reinterpreting it when contemplating a limiting instruction). In addition to removing language from subdivision 3(1), a narrowing construction of section 609.765 that passes constitutional muster would also require us to add language to subdivision 3(3).[2] As section 609.765, subdivision 3(3), currently reads, it does not exempt all true statements on matters of public concern. Rather, a true statement is only exempt if it is fair and made in good faith. This is in direct conflict with United States Supreme Court precedent. *Garrison*, 379 U.S. at 71-73, 85 S. Ct. at 214-15.

Lastly, section 609.765 does not require a showing of "actual malice" before it imposes liability for false statements on matters of public concern. In *Crawley*, the supreme court noted that the mental state required for conviction under Minn. Stat. § 609.505, subd. 2, "exceed[ed] the actual malice standard for defamation of a public official established by the Supreme Court." 819 N.W.2d at 108. Thus, in narrowly construing the challenged statute in *Crawley*, the Minnesota Supreme Court did not have

---

[2] The state's briefing did not provide us with a narrowing construction that addresses the "actual malice" standard. When asked at oral arguments how this court could construe section 609.765 to preserve its constitutionality, the state suggested only that we interpret the statute to include truth as an absolute defense or, in the alternative, only apply the statute to false statements.

12

to read a mental state into the statute. Here, we would either have to write in the actual malice standard or construe the statute to include this mental state. Removing language, as argued by the state, and adding language, as required by law, would require a rewrite of the statute and "would constitute a serious invasion of the legislative domain." *Stevens*, 559 U.S. at 481, 130 S. Ct. at 1592.

We conclude that the state has not met the burden of proving the constitutionality of Minnesota's criminal defamation statute nor provided a functional narrowing construction. And although appellant's conduct was reprehensible and defamatory, we cannot uphold his conviction under an unconstitutional statute.

## DECISION

Minnesota Statutes section 609.765 criminalizes true statements and statements made without "actual malice." Because the statute penalizes protected, as well as unprotected speech, it is unconstitutionally overbroad and in violation of First Amendment protections and is not susceptible to a narrowing construction. Accordingly, we reverse appellant's conviction under section 609.765.

**Reversed.**